John J. Dillon, S.
This is another example of the melancholy efforts of laymen to formulate their own wills. The propounded instrument is self-prepared and holographic. It contains no formal signature, but at the end of the dispositive provisions the decedent wrote “ I Julia Uhl. Have written this.” If she had stopped there, the instrument, which was duly witnessed, might be held valid. But the decedent continued as follows: £ ‘ Wittessers (I desire Melvin Seymoure, if he will, to be my Co exsectitor, with my Son Alexander Herbert Uhl, Whom I name, my Exsectitor.”
The testimony of the subscribing witnesses, one of whom was the decedent’s doctor, indicates that Mrs. Uhl declared the instrument to be her last will and testament; that she acknowledged her signature to each of them; that both witnesses signed the instrument at the decedent’s request; and that she was of sound mind and understanding, was not under restraint, and was in their opinion competent to make a will. Unfortunately, she failed to comply with the requirement of subdivision 1 of section 21 of the Decedent Estate Law that the instrument “ shall be subscribed by the testator .at the end of the will.” Where, as in this case, the signature (assuming that the quoted sentence may be so considered) is followed by a clause appointing an executor or executors, there is a failure to comply with the statutory provision requiring subscription at the end of the instrument (Matter of Winters, 277 App. Div. 24, affd. 302 N. Y. 666). The instrument must therefore be denied probate.